UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GARY A. BAILEY,<br>Plaintiff | CIVIL ACTION NO. 5:17-CV-00597 |
| VERSUS | JUDGE HICKS |
| DARRELL VANNOY, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are three motions filed by Plaintiff Gary A. Bailey ("Bailey"): (1) a Motion to Withdraw Habitual Offender Case (Doc. 7); (2) a Voluntary Motion to Dismiss (Doc. 8); and (3) a second Voluntary Motion to Dismiss (Doc. 10). In each of these motions, Bailey seeks to voluntarily dismiss this lawsuit.

Under Fed. R. Civ. P. 41(a)(1)(A), "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Because no defendant has been served or made an appearance, Bailey's motions for voluntary dismissal are appropriate without input from an opposing party.

Further, unless stated otherwise by the plaintiff, a voluntary dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Id. In two of his motions, Bailey expresses concern that this case may be consolidated with (and therefore prolong) another pending case he has filed, Gary A. Bailey v. Burl Cain, et

~ 1 ~

*al.*, No. 5:15-cv-00439. However, that separate action – although another habeas proceeding – does not appear to be based upon or include the claims presented in this lawsuit. Accordingly, dismissal without prejudice is appropriate.

Finally, Bailey filed a deficient Motion to Proceed In Forma Pauperis. (Doc. 2). Bailey intentionally declined to correct the deficiency in that motion, or to pay the filing fee, before the stated deadline of June 5, 2017. While this issue would present a separate basis for dismissal, the more sensible approach is to deny Bailey's Motion to Proceed In Forma Pauperis as mooted by Bailey's motions for voluntary dismissal.

Accordingly,

IT IS HEREBY RECOMMENDED that Bailey's Motion to Withdraw Habitual Offender Case (Doc. 7) be GRANTED, and that this lawsuit be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(a)(1)(A).

IT IS FURTHER RECOMMENDED that Bailey's Voluntary Motion to Dismiss (Doc. 8), Voluntary Motion to Dismiss (Doc. 10), and deficient Motion to Proceed In Forma Pauperis (Doc. 2) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 14th day of June, 2017.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE